IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| GARY HECKERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22-04127-CV-C-DPR-SSA |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Complaint seeking review of the decision of the Commissioner of Social Security denying his application for supplemental security income under Title XVI of the Social Security Act.

The Court reviews a final decision of the Commissioner pursuant to 42 U.S.C. § 1383(c)(3). The Court must affirm if the decision is "supported by substantial evidence on the record as a whole." *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010). Substantial evidence is "less than a preponderance but is enough that a reasonable mind would find it adequate to support" the decision. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). The Court considers the evidence that both supports and undermines the decision. *Id*. Where it is "possible to draw two inconsistent positions from the evidence," the Court must affirm where "one of those positions represents the Commissioner's findings." *Id*.; *see also Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992). In other words, a court should not disturb the denial of benefits by an Administrative Law Judge ("ALJ") if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id*.

(quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

In his brief, Plaintiff argues the ALJ's Decision is unsupported by substantial evidence because the ALJ did not properly consider the medical opinion evidence.

The parties have thoroughly discussed the record, the law, and their arguments in their briefs, which the Court will not repeat here. Upon review, the Court concurs with the arguments presented by the Commissioner. Accordingly, as set forth in the Commissioner's brief, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings and conclusions. Therefore, the Commissioner's final decision is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: September 1, 2023